UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN BECERRA | CIVIL ACTION |
| VERSUS | NO: 11-1833 |
| MS. ELLIE'S KITCHEN | SECTION: R |

**ORDER AND REASONS**

Before the Court is defendant's motion for summary judgment. For the following reasons, the Court GRANTS defendant's motion.

**I. BACKGROUND**

This is an age discrimination suit by a former employee against his former employer. Defendant, Ms. Ellie's Kitchen, employed plaintiff, Juan Becerra, as kitchen manager until he was fired on April 19, 2010.[1] Ms. Ellie's Kitchen was owned by plaintiff's uncle and aunt. Plaintiff was an at-will employee and defendant did not hire another kitchen manager to replace him.[2] Instead, defendant allocated plaintiff's former responsibilities to four of its existing employees.[3]

The parties dispute why plaintiff was fired. Defendant asserts that plaintiff was fired because of his insubordination,

---

[1] R. Doc. 1 at 1.

[2] R. Doc. 20-3 at 1; R. Doc. 24-1 at 1.

[3] *Id.*

poor performance, verbal abuse of his coworkers, and suspected theft of supplies.[4] Plaintiff counters that these stated reasons are a pretext for discrimination.

As proof of defendant's discrimination, plaintiff alleges that Ms. Ellie's owner, his uncle Constacio Izzaguire, frequently yelled at him and routinely referred to him as old by using a variety of derogatory terms.[5] Plaintiff further alleges that the last time that Constancio Izzaguire referred to him as old was "about a week before he was fired."[6]

Plaintiff filed this suit on July 29, 2011. He originally alleged that defendant had discriminated against him on the basis of his race, had fired him in retaliation for his complaints, and had also fired him because of his age.[7] Plaintiff then abandoned his claims for racial discrimination and retaliation.[8] Accordingly, those claims are dismissed.

Plaintiff's remaining claim is for age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. Defendant now moves for summary judgment.[9]

---

[4] R. Doc. 20-1 at 2-5.

[5] R. Doc. 20-4 at 2; R. Doc. 24-1 at 3.

[6] R. Doc. 24-1.

[7] *Id.* at 1-2.

[8] R. Doc. 20-4 at 2.

[9] R. Doc. 20.

## II. STANDARD

### A. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Wright & Miller, *Fed. Prac. and Proc. Civ.* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by

either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 332).

**B. The Age Discrimination in Employment Act ("ADEA")**

**Filing Requirements**

Before proceeding with a civil action under the ADEA, a plaintiff must timely file a charge of age discrimination with

4

the Equal Employment Opportunity Commission ("EEOC"). *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988); *Julian v. City of Houston*, 314 F.3d 721, 725-26 & n.5 (5th Cir. 2002). The amount of time that a plaintiff has to file a charge with the EEOC depends on whether the unlawful practice occurred in a "nondeferral" state or a "deferral" state. If the unlawful practice occurred in a nondeferral state, then plaintiff must file within 180 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d). If the unlawful practice occurred in a deferral state, then the time limit is extended to 300 days. *Id.* To qualify as a deferral state for the purposes of the ADEA, a state must have (1) a state law prohibiting age discrimination in employment and (2) a state authority that can grant or seek relief from such discriminatory practice. 29 U.S.C. §§ 626(d), 633(b); *Clark*, 854 F.2d at 765 n.1. Louisiana is a deferral state for the purposes of the ADEA. *See Walton-Lentz v. Innophos, Inc.*, No. 11-30299, 2012 WL 1428899, at *3 (5th Cir. Apr. 25, 2012); *Conner v. Louisiana Dep't of Health & Hosp.*, 247 Fed. App'x 480, 481 (5th Cir. 2007). Accordingly, because plaintiff was fired in Louisiana, the 300-day period applies in this case.[10]

Further, a plaintiff must wait 60 days after filing a charge with the EEOC before bringing suit in federal court. 29 U.S.C. § 626(d)(1). If the EEOC dismisses or terminates the plaintiff's

---

[10] R. Doc. 20-9.

charge, the plaintiff then has 90 days from the day it receives notice from the EEOC to bring a civil action. 29 U.S.C. § 626(e).

**Substantive Test**

The ADEA prohibits an employer from firing an employee "because of such individual's age". 29 U.S.C. § 623(a)(1). To establish an ADEA claim, a plaintiff must "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009).

In *Gross*, the Court held that a "mixed-motive jury instruction," is never available under the ADEA. *Gross*, 557 U.S. at 169. A mixed-motive jury instruction states that if an employee proves that an adverse employment action was the result of both permissible and impermissible motives, the burden of persuasion shifts to the employer to demonstrate that it would have proceeded with the employment action notwithstanding the improper motive. *Gross*, 557 U.S. at 174 (citations omitted); *see also Smith v. City of Allentown*, 589 F.3d 684, 690-91 (3d Cir. 2009) (discussing the implications of *Gross* on ADEA claims). *Gross* overruled the Fifth Circuit's cases that utilized the mixed-motive analysis for ADEA claims based on direct evidence of age discrimination. *See, e.g.*, *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 250 (5th Cir. 2005) ("Plaintiffs presenting direct

evidence of age discrimination may proceed under the 'mixed-motive' analysis set forth in *Price Waterhouse*.").

*Gross* also noted: "[T]he Court has not definitely decided whether the evidentiary framework of [*McDonnell Douglass*], utilized in Title VII cases is appropriate in the ADEA context." *Gross*, 557 U.S. at 175-76 n.2. The Fifth Circuit, however, continues to apply the "*McDonnell Douglas*" framework to ADEA claims after *Gross*. *See, e.g.*, *Holliday v. Commonwealth Brands, Inc.*, No. 12-30278, 2012 WL 3176316, at *3 (5th Cir. Aug. 3, 2012); *Manaway v. Med. Ctr. of Southeast Tex.*, 430 Fed. App'x 317, 378 (5th Cir. 2011); *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922-923 (5th Cir. 2010); Jackson *v. Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) ("[W]e are bound by our circuit precedent applying *McDonnell Douglas* to age discrimination cases").

Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must first establish a prima facie case that:

> (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of the discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.

*Holliday*, 2012 WL 3176316, at *3 (citation omitted). After the employee establishes a prima facie case, the burden of production shifts to the employer to articulate a "legitimate, non-discriminatory reason for terminating the plaintiff." *Id.* at *4.

If the employer articulates a legitimate, non-discriminatory reason for terminating the employee, the plaintiff must then rebut the employer's purported explanation by showing that the employee's reason is pretextual. *Moss*, 610 F.3d at 922. Consistent with *Gross*, the burden of persuasion remains with the employee at all times, but the "burden of production and the order of presenting proof" are allocated in accordance with the *McDonnell Douglas* framework. *Jackson*, 602 F.3d at 377-78.

## III. DISCUSSION

Defendant's motion for summary judgment rests on two grounds: (1) plaintiff failed to file a charge of discrimination with the EEOC within 300 days of his termination and (2) that plaintiff's claim for age discrimination fails as a matter of law.[11]

### A. Plaintiff Has Complied with the EEOC Filing Requirements

Plaintiff was terminated on April 19, 2010.[12] From that date, plaintiff had 300 days, or until February 13, 2011, to file his charge of discrimination with the EEOC. Although plaintiff did not file his official charge until April 6, 2011,[13] he filed his intake questionnaire with the EEOC on June 4, 2010.[14] If the

---

[11] R. Doc. 20-1.

[12] R. Doc. 1.

[13] R. Doc. 20-4 at 1.

[14] R. Doc. 20-4 at 1.

intake questionnaire constitutes a "charge," then plaintiff has passed this procedural hurdle. If not, his filing was outside of the 300 day window.

In *Holoweck*, the Supreme Court held that an intake questionnaire constitutes a "charge" for the purposes of the ADEA if it contains all of the regulatory requirements in 29 C.F.R. §§ 1626.6, 1626.8, and "it [can] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. V. Holoweck*, 552 U.S. 389, 402 (2008). The Court recognized, "under this permissive standard a wide range of documents might be classified as charges." *Id*. at 402.

Plaintiff's intake questionnaire satisfies the requirements of section 1626.6 and section 1626.8 because it identifies plaintiff, his employer, the facts giving rise to the unlawful termination, the number of employees of the employer, and denies that other proceedings involving the alleged unlawful employment practice were commenced before a state agency.[15] *See* 29 C.F.R. §§ 1626.6, 1626.8.

The questionnaire meets the *Holoweck* standard because plaintiff checked "box 2" indicating that he wanted "to file a

---

[15] R. Doc. 24-1.

charge of discrimination."[16] The questionnaire instructs: "If you want to file a charge, you should check Box 2."[17] Selecting box 2 authorizes the EEOC to "look into the discrimination" described in the questionnaire and allows the EEOC to contact the employer about the claim.[18] If plaintiff had selected box 1 on the questionnaire, he would have requested only a conversation with an EEOC employee before deciding whether to file a charge.[19] Box 1 instructs: "I understand that by checking this box, I have not filed a charge with the EEOC." Accordingly, the questionnaire "[can] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Holoweck*, 552 U.S. at 402 (2008).[20] The questionnaire "give[s] rise to the inference that the employee request[ed] action against the employer." *Id.* at 405.

As further evidence that the questionnaire could reasonably be considered a request for action, the EEOC treated plaintiff's intake questionnaire as a charge. On March 25, 2011, the EEOC responded to plaintiff's intake questionnaire: "Because the

---

[16]  *Id.*

[17]  *Id.*

[18]  R. Doc. 24-1 at 9.

[19]  R. Doc. 24-1 at 9.

[20]  R. Doc. 24-1 at 9.

document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge."[21] Accordingly, the intake questionnaire satisfied the charge requirement. *See, e.g., Sebastian v. Universal Tech. Inst., Inc.*, No. 6:11-cv-1597-ORl-28KRS, 2012 WL 1447911, at *2-3 (M.D. Fla. Apr. 26, 2012) (holding that an intake questionnaire constituted a charge when "the circumstances of the case would convince a reasonable person that the charging party manifested [] intent to activate the administrative process by filing the intake questionnaire") (citation omitted).

Accordingly, plaintiff filed a charge on June 6, 2010, well within the 300 day time period. This holding is consistent with the "permissive standard" of *Holoweck* and recognizes that the AEDA "sets up a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." *Holoweck*, 552 U.S. at 402.

Defendant concedes that plaintiff filed this suit within 90 days of receiving his right to sue letter from the EEOC.[22] Accordingly, plaintiff timely filed his charge with the EEOC and properly filled this suit in this Court.

**B. Direct Evidence of Discrimination**

---

[21] R. Doc. 20-8 at 2.

[22] R. Doc. 25-2 at 6.

11

Plaintiff's opposition to summary judgment advances the erroneous argument that plaintiff has produced direct evidence that discrimination "was a 'motivating factor' among the mixed reasons defendant fired him."[23] Plaintiff argues that this evidence makes this a "mixed-motive" case.[24] *Gross* expressly rejected the application of the motivating-factor standard for ADEA cases, and to the extent that plaintiff alleges that "discrimination was a motivating factor-rather than the "but for" cause-[of defendant's decision]," his claims must fail. *Moss*, 610 F.3d at 928 ("A plaintiff brining an ADEA claim must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action"); *see Gross*, 557 U.S. at 178-79.

Plaintiff also mischaracterizes Constancio Izaguirre's derogatory comments as "direct evidence" that plaintiff was "otherwise fired because of his age."[25] The Fifth Circuit has held that ageist comments are evidence of discrimination only if they are "1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue;

---

[23] R. Doc. 24 at 6.

[24] R. Doc. 24 at 1.

[25] R. Doc. 24 at 1, 5-6.

and 4) related to the employment decision at issue." *Jackson*, 602 F.3d at 380. Comments failing this test are "stray remarks," and "standing alone, [they] are insufficient to defeat summary judgment." *Id.; see also E.E.O.C. v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) ("In order for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee.").

Constancio Izaguirre's comments are stray remarks because there is no evidence in the record that they "relate to the employment decision at issue." *Jackson*, 602 F.3d at 374. In fact, the evidence in the record suggests that age was irrelevant to defendant's decision since many of the existing employees who assumed plaintiff's responsibilities were over 40 years old.[26] Plaintiff does not produce any evidence establishing a nexus between Izaguirre's comments and his firing. Plaintiff establishes only that "the comments were, in fact, made," which, "standing alone, will not defeat summary judgment." *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400-01 (5th Cir. 2000); *see also Jackson*, 602 F.3d at 377 (employer's derogatory comment that employee was old was not direct evidence").

---

[26] R. Doc. 24-1 at 1.

## C. Circumstantial Evidence of Discrimination

Plaintiff's only remaining avenue to relief is to demonstrate that circumstantial evidence in the record establishes age discrimination. But the circumstantial evidence in the record is insufficient to survive summary judgment because, applying *McDonnell Douglas*, no reasonable juror could find that age was the but-for cause of plaintiff's termination.

### 1. Prima Facie Case

Plaintiff's initial burden is to establish a prima facie case of age discrimination by providing evidence that: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of the discharge; and (4) he was either replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of his age. *Holliday*, 2012 WL 3176316, at *3. Defendant concedes that plaintiff has established the first three elements of a prima facie case,[27] and plaintiff admits that he was not replaced by someone outside the protective class or replaced by someone younger.[28] Instead, plaintiff alleges that he was "otherwise fired because of his age."[29]

---

[27]  R. Doc. 25-2 at 3.

[28]  R. Doc. 24 at 5; R. Doc. 24-1 at 1.

[29]  R. Doc. 24 at 5.

14

Plaintiff's only evidence of age discrimination are his own assertions that his uncle, Constancio Izaguirre, repeatedly referred to plaintiff as old by using derogatory terms in Spanish.[30] Plaintiff asserts that Constancio Izaguirre would threaten to fire him "in the course of these diatribes," and made such a threat about a week before he was fired.[31] Plaintiff also notes that his aunt and the co-owner of Ms. Ellie's Kitchen, Elida Izaguirre, would tell plaintiff "not to listen" to Constancio Izaguirre's remarks.[32] Plaintiff does not place these comments in context, but because they are vaguely ageist, they do provide an inference of age discrimination. While the inference of discrimination is tenuous, it is enough to meet the low demands of establishing a prima facie case. *See Rachid v. Jack in the Box*, *Inc.*, 376 F.3d 305, 313 (5th Cir. 2004) (holding that ageist comments could establish a plaintiff's prima facie case).

---

[30] R. Doc. 24 at 6; R. Doc. 24-1 at 3.

[31] R. Doc. 24-1 at 3-4.

[32] R. Doc. 24-1 at 1.

## 2. Legitimate, Non-discriminatory Reason

Defendant has produced seven affidavits in support of its position that plaintiff was terminated because of his poor performance, insubordination, verbal abuse toward his supervisors and others, and suspected theft.[33] Plaintiff does not dispute that defendant has offered legitimate, non-discriminatory reasons for his termination.[34] Plaintiff argues only that defendant's reasons are a pretext for discrimination.

Plaintiff's offers three arguments to establish that defendant's purported justifications are pretextual. First, he argues that the evidence asserting that plaintiff yelled at his coworkers was not credible because the affidavits are not by the specific employees that plaintiff supposedly abused. Second, plaintiff disputes the accuracy of defendant's account of how plaintiff was fired, contending that he was given no reasons for his termination.[35] Third, plaintiff denies that he ever stole supplies from defendant and alleges that the owner's other relatives would take food without paying.[36]

None of these reasons creates a material issue of fact on the issue of whether defendant's reasons for terminating

---

[33] R. Doc. 20-1 at 2-5; R. Doc. 20-5; R. Doc. 20-6.

[34] R. Doc. 24.

[35] R. Doc. 24 at 4.

[36] R. Doc. 24 at 5; R. Doc. 24-1 at 5.

plaintiff were pretextual. Plaintiff does not argue that defendant has changed its justifications or that the defendant offered inconsistent justifications for his firing. *See Jones v. Bernanke*, 493 F. Supp. 2d 18, 33 (D.D.C. 2007) ("Plaintiff can survive summary judgment if he shows that the employer's proffered, nondiscriminatory reason contradicts other accounts of its decision or that it is inconsistent with other contemporaneous accounts of the employer's decision."). Although plaintiff disputes that he was given any reasons at the time of his termination, he produces no evidence that the defendant's proffered reasons are false. Indeed, plaintiff admitted to yelling at his aunt, bringing her to tears, and that he had disagreements with her, his uncle and other employees. *See* Def.'s Dep. 42, 45, 51-55. Further, although he alleges that the owners permitted others to take food and eat without paying, plaintiff admits that his bosses remonstrated with him more than once about the state of inventory, including shortages and discrepancies. *See* Def.'s Dep. 52-53. Seven witnesses also attested that plaintiff was quick to fly off the handle and that his insubordination brought his aunt to tears on many occasions.[37]

Further, plaintiff's assertions that he did not yell at the other employees or steal from defendant do not undermine defendant's proffered reasons for his firing because a "bald,

---

[37] R. Doc. 20-5; R. Doc. 20-6.

self-serving denial of wrongdoing does not suffice to rebut Defendant's belief." *Armstrong v. Boehringer Ingelheim Pharm.,Inc.*, No. 3:08-CV-1458-O, 2010 WL 2540751, at *7 (N.D. Tex. June 21, 2010); *Jackson*, 602 F.2d at 379 ("[a plaintiff's] assertion of innocence alone does not create a factual issue as to the falsity of [a defendant's] proffered reason for terminating him"). Finally, Constancio Izaguirre's derogatory comments cannot establish pretext, because, as discussed above, "[a] comment is not evidence of discrimination if it is the sole proof of pretext." *Cervantez v. KMGP Servs. Co.*, 349 Fed. App'x 4, 10 (5th Cir. 2009).

Accordingly, summary judgment is warranted because plaintiff has not produced any evidence that defendant's purported justifications were pretextual.

IV. **CONCLUSION**

For the foregoing reasons, defendant's motion is GRANTED.

New Orleans, Louisiana, this 31st day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

18